IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-03592-PAB-STV

SHELBY L. DELISA,

    Plaintiff,

v.

DAVID L. WALKER, an individual, and
JPVS IMPORT/EXPORT INC., an Illinois Company,

    Defendants.

---

## ORDER

---

This matter is before the Court on Defendants David Walkers' [sic] and JPVS Import/Export Inc.'s Motion for Partial Dismissal [Docket No. 15]. Plaintiff Shelby L. Delisa did not respond to defendants' motion.

## I. BACKGROUND[1]

On August 30, 2018, plaintiff was operating his vehicle in Denver County, Colorado when he was involved in a collision with a tractor-trailer driven by defendant David Walker. Docket No. 5 at 2, ¶¶ 7-16. Plaintiff alleges that Walker caused the accident because he negligently failed to yield to oncoming traffic. *Id.* at 3, ¶¶ 22, 33. At all relevant times, Walker was an employee of defendant JVPS Import/Export Inc. ("JVPS"). *Id.* at 5, ¶ 71. In their answer, defendants admitted that Walker was

---

[1] Unless otherwise indicated, these facts are taken from plaintiff's Complaint and Jury Demand [Docket No. 5] and are assumed true for purposes of this order. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

operating the tractor-trailer within the course and scope of his employment with JVPS when the accident occurred.  Docket No. 14 at 7, ¶ 71.

On October 30, 2019, plaintiff sued defendants in the District Court for the City and County of Denver, Colorado.  Docket No. 5 at 1.  He raised claims of negligence and negligence *per se* against Walker and claims of *respondeat superior* liability, negligent entrustment, negligent hiring and retention, and negligent training and supervision against JPVS.  *Id.* at 8-11.  On January 6, 2020, defendants moved to dismiss plaintiff's direct negligence claims against JVPS – negligent entrustment, negligent hiring and retention, and negligent supervision – on the basis that these claims are duplicative of plaintiff's other claims.  Docket No. 15 at 2.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure,[2] a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to

---

[2] While defendants do not expressly bring this motion under Rule 12(b)(6), *see* Docket No. 15, the Court finds that this is the appropriate rule under which to analyze defendants' arguments.

survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim.  *Khalik*, 671 F.3d at 1191 (quotations omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (alteration marks omitted).

## III.  ANALYSIS

Defendants seek to dismiss plaintiff's fourth, fifth, and sixth claims against JVPS on the basis that they are duplicative of plaintiff's other claims.  Docket No. 15 at 2.  In support, defendants rely upon *Ferrer v. Okbamicael*, 390 P.3d 836 (Colo. 2017).[3]  *Id.* In *Ferrer*, the Colorado Supreme Court held that a plaintiff's direct negligence claims against an employer are barred when the employer acknowledges vicarious liability for the negligence of its employee.  390 P.3d at 841-42.  The court reasoned that, once an employer "has conceded it is subject to *respondeat superior* liability for its employee's negligence, direct negligence claims against the employer that are nonetheless still tethered to the employee's negligence become redundant and wasteful" because "tortious conduct by an employee is a predicate in direct negligence claims against the employer."  *Id.* at 844.  Defendants contend that, because defendants have admitted

---

[3] The Court applies Colorado law to this diversity case.  *Brookshire Downs at Heatherridge Condo. Assoc., Inc. v. Owners Ins. Co.*, 324 F. Supp. 3d 1201, 1203 (D. Colo. 2018).

3

that Walker was acting within the course and scope of his employment, JVPS's "liability, if any, is limited to the bounds of its employee under the doctrines of vicarious liability and *respondeat superior*." Docket No. 15 at 4.

The Court agrees with defendants and finds that plaintiff's negligent entrustment, negligent hiring and retention, and negligent training and supervision claims must be dismissed because they are the exact type of claims barred under the rule adopted by the Colorado Supreme Court in *Ferrer*.  "An employer's negligent act in hiring, supervision and retention, or entrustment is not a wholly independent cause of the plaintiff's injuries, unconnected to the employee's negligence.  A plaintiff has no cause of action against the employer for negligent hiring, for example, unless and until the employee's own negligence causes an accident." *Ferrer*, 390 P.3d at 844; *see also Trujillo v. May Trucking*, No 18-cv-00908-STV, 2019 WL 5684213, at *3 (D. Colo. Nov. 1, 2019) (dismissing plaintiff's negligent hiring and negligent entrustment claims pursuant to *Ferrer* where employer had admitted *respondeat superior* liability for driver's negligence).  Because plaintiff's direct negligence claims against JVPS are based on Walker's alleged negligence, *see, e.g.*, Docket No. 5 at 9-11, ¶¶ 115-17, 123, 134, and because defendants have conceded *respondeat superior* liability for any of Walker's alleged negligence, *see* Docket No. 14 at 7, ¶ 71, plaintiff's direct negligence claims are "duplicative and unnecessary." *Ferrer*, 390 P.3d at 849.  Plaintiff, who did not respond to defendants' motion to dismiss, has demonstrated no reason why *Ferrer* should not be followed here.  For these reasons, the Court will grant defendants' motion to dismiss.


## IV.  CONCLUSION

For these reasons, it is

**ORDERED** that Defendants David Walkers' [sic] and JPVS Import/Export Inc.'s Motion for Partial Dismissal [Docket No. 15] is **GRANTED**.  It is further

**ORDERED** that plaintiff's fourth, fifth, and sixth claims for relief are **DISMISSED** without prejudice.

DATED August 20, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge